# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MILACRON, LLC and CIMCOOL INDUSTRIAL PRODUCTS, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.:  1-12-CV-119 |
| | ) JUDGE DLOTT |
| STOUGH TOOL SALES and JOHN DOES A to Z, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT THE STOUGH GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

## DEMAND FOR JURY TRIAL

COMES NOW the Defendant, The Stough Group, Inc., d/b/a Stough Tool Sales and Stoughcool (collectively referred to as "SGI") and for its Answer to Plaintiffs' Complaint, states as follows:

## PARTIES

1.     SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.     SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.     The Stough Group, Inc. is an Oklahoma corporation doing business in Broken Arrow, Oklahoma as Stough Tool Sales and Stoughcool.

4.     SGI denies the allegations of paragraph 4 of the Complaint.

## NATURE OF THE ACTION

5.       In response to paragraph 5 of the Complaint, SGI acknowledges that Plaintiffs have brought an action under the trademark laws of the United States, the Lanham Act, 15 USC §§ 1114 and 1125(a) and under Ohio law, but denies it has committed any acts which are actionable under the trademark laws of the United States, the Lanham Act or Ohio law.

## JURISDICTION AND VENUE

6.       In response to paragraph 6 of the Complaint, SGI admits that subject matter jurisdiction appears to be properly invoked in this Court.

7.       SGI denies the allegations of paragraph 7 of the Complaint.

8.       SGI admits that venue appears to be properly invoked in this Court, but alleges that pursuant to § 1404 venue would be more convenient and appropriate in the United States District Court for the Northern District of Oklahoma.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.       SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore denies the same.

10.       SGI denies the allegations of paragraph 10 of the Complaint.

11.       SGI denies the allegations of paragraph 11 of the Complaint.

12.       SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies the same.

13.       SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies the same.

14.       SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore denies the same.

2

## SGI'S ALLEGED INFRINGING CONDUCT

15.     SGI admits the allegations of paragraph 15 of the Complaint.

16.     In response to paragraph 16 of the Complaint, SGI admits that until 2005, SGI was engaged as an authorized distributor of goods manufactured and sold by Cimcool Industrial Products, LLC ("Cimcool") but denies that any products sold by Cimcool had any identifying trademark indicating that the color pink had been trademarked by Plaintiffs with respect to the products sold by Plaintiffs.

17.     In response to paragraph 17 of the Complaint, SGI admits that it acted as a distributor for a company named Starchem, Inc. ("Starchem") having a principal place of business in Mason, Ohio and that Starchem had been formed by several former employees of Cimcool.  SGI further states that many of the products sold by Starchem also had a pink color.

18.     In response to paragraph 18 of the Complaint, SGI states that it acted as a distributor for Starchem until November 2010.

19.     In response to paragraph 19 of the Complaint, SGI admits that Plaintiffs acquired Starchem in November 2010.

20.     In response to paragraph 20 of the Complaint, SGI states that from November 2010 through February 10, 2012, it sold two cooling and lubricating products that were offered in several colors, including the color pink.  SGI further states that the two cooling and lubricating products offered in the color pink are only two of numerous products sold by SGI under the brand Stoughcool.  SGI denies all other allegations contained in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, SGI states that it has not sought and does not require Plaintiffs' consent to distribute the two products that it has sold that use a pink dye.

3

## FIRST CAUSE OF ACTION
## ALLEGED FEDERAL TRADEMARK INFRINGEMENT

22.     SGI readopts and realleges its answers set forth in paragraphs 1-21 above and incorporates the same by reference.

23.     SGI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore denies the same.

24.     SGI denies the allegations of paragraph 24 of the Complaint.

25.     SGI denies the allegations of paragraph 25 of the Complaint.

26.     SGI denies the allegations of paragraph 26 of the Complaint.

27.     SGI denies the allegations of paragraph 27 of the Complaint.

28.     SGI denies the allegations of paragraph 28 of the Complaint.

## SECOND CAUSE OF ACTION
## ALLEGED UNFAIR COMPETITION IN VIOLATION OF 43(A)
## OF THE LANHAM ACT

29.     SGI readopts and realleges its answers set forth in paragraphs 1-28 above and incorporates the same by reference.

30.     SGI denies the allegations of paragraph 30 of the Complaint.

31.     SGI denies the allegations of paragraph 31 of the Complaint.

32.     SGI denies the allegations of paragraph 32 of the Complaint.

33.     SGI denies the allegations of paragraph 33 of the Complaint.

34.     SGI denies the allegations of paragraph 34 of the Complaint.

35.     SGI denies the allegations of paragraph 35 of the Complaint.

**THIRD CAUSE OF ACTION**
**ALLEGED VIOLATION OF OHIO UNIFORM DECEPTIVE**
**TRADE PRACTICES ACT**

36.     SGI readopts and realleges its answers set forth in paragraphs 1-35 above and incorporates the same by reference.

37.     SGI denies the allegations of paragraph 37 of the Complaint.

38.     SGI denies the allegations of paragraph 38 of the Complaint.

39.     SGI denies the allegations of paragraph 39 of the Complaint.

40.     SGI denies the allegations of paragraph 40 of the Complaint.

**FOURTH CAUSE OF ACTION**
**ALLEGED COMMON LAW TRADEMARK INFRINGEMENT**

41.     SGI readopts and realleges its answers set forth in paragraphs 1-40 above and incorporates the same by reference.

42.     SGI denies the allegations of paragraph 42 of the Complaint.

43.     SGI denies the allegations of paragraph 43 of the Complaint.

44.     SGI denies the allegations of paragraph 44 of the Complaint.

45.     SGI denies the allegations of paragraph 45 of the Complaint.

**FIFTH CAUSE OF ACTION**
**ALLEGED COMMON LAW UNFAIR COMPETITION**

46.     SGI readopts and realleges its answers set forth in paragraphs 1-45 above and incorporates the same by reference.

47.     SGI denies the allegations of paragraph 47 of the Complaint.

48.     SGI denies the allegations of paragraph 48 of the Complaint.

49.     SGI denies the allegations of paragraph 49 of the Complaint.

50.     SGI denies the allegations of paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

SGI hereby asserts its affirmative defenses to the Complaint as follows:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims contained in the Complaint are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands and laches.

3.      Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have failed to mitigate, minimize and/or avoid purported damages, if any.

4.      Plaintiffs suffered no actual damage, financial or otherwise, as a result of the acts complained of.

5.      Plaintiffs have no trademark rights to the color pink used in connection with the sale of its industrial products.  The color pink is incapable of exclusive appropriation by plaintiffs and of functioning as a trademark and is merely descriptive and is not inherently distinctive because it does not inherently identify a particular source, but instead is merely a quality, ingredient or characteristic of Plaintiffs' products and has not acquired distinctiveness through secondary meaning.

6.      The alleged acts of the SGI did not cause any confusion or mistake, nor likely confusion or mistake, and did not dilute or tarnish Plaintiffs' alleged trademarks.

7.      Plaintiffs have abandoned its trademark(s) by failing to adequately police its marks.

8.      Each of the purported claims set forth in the Complaint is barred because Plaintiffs cannot demonstrate any likelihood that the public will be confused or misled as to the source of SGI's goods or that SGI's goods are associated with or endorsed by Plaintffs.

6

9.     Each of the purported claims set forth in the Complaint is barred because SGI's conduct did not actually or proximately cause any of the losses or damages allegedly sustained by Plaintiffs.  Specifically, a pink dye in the two machining lubricants sold by SGI are not material to the purchases of such product by SGI's customers.

10.     SGI is not liable for exemplary damages because SGI, nor its officers, directors or managing agents, acted intentionally, or willfully to commit any infringing act.

WHEREFORE, premises considered, SGI prays that Plaintiffs take nothing by virtue of their Complaint; that SGI be awarded its attorney fees and costs, together with such other relief that is just and equitable.

## COUNTERCLAIM

Counterclaim Plaintiff The Stough Group Inc. ("SGI") for its counterclaim against Milacron, LLC ("Milacron") and Cimcool Industrial Products, LLC (collectively referred to as "Cimcool") states as follows:

1.     Milacron is a Delaware limited liability company with its principal place of business located in Cincinnati, Ohio.

2.     Cimcool is a Delaware limited liability company with its principal place of business located in Cincinnati, Ohio.

3.     SGI is an Oklahoma corporation with its principal place of business in Broken Arrow, Oklahoma.

4.     These counterclaims arise under the trademark laws of the United States, Title 15 of the United States Code.

5.     Subject matter jurisdiction of this Court is founded upon 15 U.S.C. §§ 1119 and 1121(a), 28 U.S.C. §§ 1331 and 1338 and by the doctrine of pendant jurisdiction.

6.     The Court has personal jurisdiction over the parties and venue lies in this judicial district pursuant to 28 U.S.C. § 1391.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT

7.     SGI repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-9 above of its affirmative defenses and paragraphs 1-6 above of these counterclaims.

8.     This is a counterclaim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that the color pink is merely descriptive and is not inherently distinctive because it does not inherently identify a particular source, but instead is merely a quality, ingredient or characteristic of Plaintiffs' products and has not acquired distinctiveness through secondary meaning.

9.     The pink dye used in Plaintiffs' products is incapable of exclusive appropriation for use in connection with the goods in question and of functioning as a trademark.

10.     The pink colored dye, when used in connection with the sale of Plaintiffs' industrial products, is incapable of functioning as a trademark pursuant to 15 U.S.C. § 1052(e)(1).

11.     For the forgoing reasons, this Court should declare that the color pink, when used in connection with the sale of industrial products, is incapable of ever inquiring secondary meaning and functioning as a trademark.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT THAT PLAINTIFFS HAVE
## ABANDONED ANY TRADEMARK RIGHTS

12.     SGI repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-9 of its affirmative defenses and paragraphs 1-11 of these counterclaims.

8

13.     This is a counterclaim for declaratory judgment under 28 U.S.C. § 2201 and 2202 that Plaintiffs have no trademark rights in the color pink used in connection with the sale of its industrial products.  This counterclaim arises from an actual controversy between the parties concerning the Plaintiffs' right to enforce trademark rights in the color pink.

14.     Plaintiffs have abandoned trademark use of the color pink by allowing numerous other competitors to use the color pink in selling industrial products.

15.     For the foregoing reasons, the Court should declare that the Plaintiffs have abandoned any trademark rights that it may have had in the color pink relative to the sale of industrial products.

## COUNTERCLAIM III
## CANCELLATION OF U.S. REGISTRATION #3850103 AND #3877130

16.     SGI repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-9 of its affirmative defenses and paragraphs 1-15 of these counterclaims.

17.     This is a counterclaim for cancellation of a trademark registration under 15 U.S.C. § 1119.

18.     The color pink when used in connection with chemicals used in industry for use in metal working fluids is incapable of functioning as a trademark pursuant to 15 U.S.C. § 1052(e)(1).

19.     For the reasons set forth above, the Patent and Trademark Office should not have permitted registration to issue for merely utilizing the pink dye in connection with chemicals used in metal working fluids.

20.     Accordingly, this Court should cancel the U.S. Trademark Registration #3850103 and #3877130 to use the color pink in connection with chemicals used in the industry.

WHEREFORE, premises considered, SGI prays for judgment against Plaintiffs as follows:

(a)     That the Court grant declaratory judgment in favor of SGI;

(b)     That the Court cancel Plaintiffs' U.S. Trademark Registration #3850103 and #3877130;

(c)     That SGI be awarded reasonable attorney fees and costs; and

(d)     That the Court grant such other relief as it deems just and equitable.

Respectfully submitted,


/s/ J. Robert Chambers
J. Robert Chambers (#0003942)
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, OH  45202-2917
Telephone:     (513) 241-2324
Facsimile:      (513) 241-6234
bchambers@whe-law.com
**TRIAL ATTORNEY FOR THE
STOUGH GROUP, INC. d/b/a STOUGH
SALES and STOUGHCOOL**

## <u>CERTIFICATE OF E-FILE</u>

  I hereby certify that on the 5th day of March, 2012, a copy of the above and foregoing document was filed electronically with the Clerk of the Court using the ECF System for filing, and a Notice of Electronic Filing was issued by the Court to the following ECF registrants:

Joshua A. Lorentz<br>
April L. Besl

/s/ J. Robert Chambers     

11