IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Milacron LLC, *et al*, | : | |
| | : | Chief Judge Dlott |
| Plaintiffs, | : | |
| | : | Case No. 1:12-cv-119 |
| | : | |
| v. | : | ORDER DENYING MOTION TO |
| | : | DISMISS DEFENDANT'S |
| Stough Tool Sales, *et al.*, | : | COUNTERCLAIMS |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs and Counterclaim Defendants Milacron LLC and Cimcool Industrial Products LLC's Motion to Dismiss Defendant's Counterclaims (Doc. 11). For the reasons that follow, the Court will **DENY** the Motion to Dismiss.

## I.      BACKGROUND

Plaintiffs Milacron and CimCool have sued Defendants The Stough Group, Inc., d/b/a Stough Tool Sales and Stoughcool ("SGI") and unidentified John Does A–Z for trademark infringement and unfair competition. (Doc. 1.) Plaintiffs allege that they have valid trademarks for the use of the color pink in industrial fluids and in the packaging of such pink industrial fluids. (*Id.* at 3–4.) More specifically, Plaintiffs allege that Milacron is the owner of three trademark registrations issued by the United States Patent and Trademark Office for the use of the color pink in connection with industrial fluids:  #3460430, #3850103, and #3877130. (*Id.* at 4–5.) Plaintiffs further allege that SGI has infringed upon their trademarks and engaged in unfair competition by selling its own industrial fluids utilizing the distinctive color pink. (*Id.* 6–11.)

In response, SGI has filed an Answer and Affirmative Defenses denying the claims against it.  (Doc. 6.)  SGI also has filed three Counterclaims against Plaintiffs:  (1) a claim for declaratory relief that the use of pink dye in connection with the sale of industrial products is incapable of operating as a trademark, (2) a claim for declaratory relief that Plaintiffs have abandoned their trademark rights, and (3) a claim for cancellation of the U.S. Trademark Registrations #3850103 and #3877130.  (*Id.* at 8–10.)  Plaintiffs now move to dismiss the Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Motion to Dismiss is fully briefed and ripe for adjudication.

## II.     STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A district court "must read all well-pleaded allegations of the complaint as true."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).  However, this principle is inapplicable to legal conclusions, or legal conclusions couched as factual allegations, which are not entitled to an assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."  *Harvard v. Wayne Cty.*, 436 F. App'x 451, 457 (6th Cir. 2011) (internal quotation or citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.[1]

---

[1]  In accordance with this standard, the Supreme Court also specifically repudiated the pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that a complaint fails to state a claim when it "appears beyond doubt that the plaintiff can prove no set of facts in support

The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

## A. Counterclaim I: Declaratory Judgment

In Counterclaim I, SGI seeks a declaration that the use of pink-colored dye in connection with Plaintiffs' industrial products is incapable of functioning as a trademark pursuant to 15 U.S.C. § 1052(e)(1). (Doc. 6 at 8.)[1] Section 1052(e)(1) of the Lanham Act provides that a mark which is merely descriptive cannot be registered as a trademark:

> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it--
>
> * * * *
>
> (e) Consists of a mark which (1) when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them.

of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. The Court in *Twombly* said the "no set of facts" language from *Conley* had "earned its retirement" and was "best forgotten." *Id.* at 563.

[1] The federal Declaratory Judgment Act states in relevant part as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). To determine whether a case satisfies the "actual controversy" standard, the Court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted).

15 U.S.C. § 1052(e)(1). However, even a descriptive mark can be protected under the Lanham Act if it has acquired secondary meaning in the marketplace. *See DeGidio v. West Group Corp.*, 355 F.3d 506, 513 (6th Cir. 2004).

Plaintiffs move to dismiss Counterclaim I on the basis that SGI failed to plead facts which would establish that the use of the color pink in industrial products is merely descriptive and/or that it did not acquire secondary meaning. The Court notes that "color alone, at least sometimes, can meet the basic legal requirements for use as a trademark." *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 166 (1995). Plaintiffs contend that the Counterclaim must be dismissed pursuant to *Iqbal* and *Twombly*. *See AFL Telecomms. LLC v. Fiberoptic Hardware, LLC*, No. CV11–1081–PHX–DGC, 2011 WL 6004584, at *1–2 (D. Ariz. Dec. 1, 2011) (applying *Iqbal*/*Twombly* standard in a trademark infringement action to a counterclaim seeking a declaratory judgment that marks are invalid and unenforceable).

The Court does not agree. Counterclaims for declaratory relief in trademark infringement cases are "presumptively appropriate." *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, 624 F. Supp. 2d 610, 613–14 (W.D. Ky. 2008). "[C]ourts routinely permit counterclaims for declaratory judgment that the marks sought to be enforced are invalid and unenforceable." *Id.* SGI alleges in its Affirmative Defenses and in Counterclaim I that the color pink "is merely descriptive and is not inherently distinctive because it does not inherently identify a particular source, but instead is merely a quality, ingredient or characteristic of Plaintiffs' products and has not acquired distinctiveness through secondary meaning." (Doc. 6 at 6, 8.)[2] Relatedly, SGI asserted in its Affirmative Defenses that the use of the color pink was not likely to cause confusion for the public and was "not material to the purchases of such products

---

[2] SGI specifically incorporated its Affirmative Defenses into its Counterclaims. (Doc. 6 at 8–9.)

by SGI's customers." (*Id.* at 6–7.)  Plaintiffs fault SGI for not identifying what the color pink

describes, but the Court finds it evident from the pleadings that SGI is alleging that color pink is

a characteristic of the industrial fluids—*i.e.*, their color.  Additionally, SGI need not plead with

particularity in this trademark infringement action the facts proving that Plaintiffs' marks had

not acquired distinctiveness through secondary meaning.  It would be difficult as a practical

matter to plead a negative with particularity.  *See Welch v. Theodorides-Bustle*, 677 F. Supp. 2d

1283, 1287 (N.D. Fla. 2010) ("[I]t is hard to plead a negative with great specificity.").  The

Court will not dismiss Counterclaim I for failure to state a claim.

**B.** **Counterclaim II:  Declaratory Judgment that Plaintiffs Have Abandoned Trademark Rights**

SGI seeks in Counterclaim II a declaration that Plaintiffs have no trademark rights in the

use of the color pink in the connection with the sale of industrial products because they

abandoned trademark use.  Pursuant to the Lanham Act, a mark is deemed to be "abandoned" in

the following circumstance:

> When any course of conduct of the owner, including acts of omission as well as
> commission, causes the mark to become the generic name for the goods or
> services on or in connection with which it is used or otherwise to lose its
> significance as a mark.  Purchaser motivation shall not be a test for determining
> abandonment under this paragraph.

15 U.S.C. § 1127.[3]  Abandonment under this definition does not require proof of intent to

abandon.  *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1080 (5th Cir. 1997).

---

[3]  Alternatively, a trademark also can be abandoned in the following circumstance:

> When its use has been discontinued with intent not to resume such use. Intent not
> to resume may be inferred from circumstances. Nonuse for 3 consecutive years
> shall be prima facie evidence of abandonment. "Use" of a mark means the bona
> fide use of such mark made in the ordinary course of trade, and not made merely
> to reserve a right in a mark.

15 U.S.C. § 1127.  SGI does not state a claim for abandonment pursuant to this definition.

Rather, it requires proof that the trademarks have lost significance as an indicator of origin. *See Exxon Corp.*, 109 F.3d at 1079; *Defiance Button Mach. Co. v. C & C Metal Prods. Corp.*, 759 F.2d 1053, 1062 (2d Cir. 1985). "Sometimes a mark becomes abandoned to generic usage as a result of the trademark owner's failure to police the mark, so that widespread usage by competitors leads to a generic usage among the relevant public, who see many sellers using the same word or designation." 3 *McCarthy on Trademarks and Unfair Competition,* § 17:8 (4th Ed. 2012).

Plaintiffs argue that SGI failed to allege facts to support Counterclaim II. Again, the Court finds that SGI has stated a claim for which relief can be granted. SGI stated in its Affirmative Defenses to Plaintiffs' Complaint that "Plaintiffs have abandoned its trademark(s) by failing to adequately police its marks." (Doc. 6 at 6.) SGI also stated in Counterclaim II that Plaintiffs "allow[ed] numerous other competitors to use the color pink in selling industrial products." (Doc. 6 at 9.) Plaintiffs fault SGI for failing to identify by name any other competitor or industrial product using the color pink, but they do not cite any case law requiring that level of particularity to be pleaded in a trademark abandonment claim. The Court will not dismiss Counterclaim II pursuant to Rule 12(b)(6).

## C.    Counterclaim III:  Cancellation of U.S. Registration #3850103 and #3877130

SGI requests that the Court cancel the U.S. Trademark Registration #3850103 and #3877130 pursuant to 15 U.S.C. § 1119 on the grounds that the use of pink dye in connection with chemicals used in metal working fluids is not capable of functioning as a trademark pursuant to 15 U.S.C. § 1052(e)(1). (Doc. 6 at 9.) Section 1119 of the Lanham Act provides as follows:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore

canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119.

SGI's counterclaim for cancellation overlaps with and arises from Counterclaim I. Plaintiffs move to dismiss this cancellation counterclaim on the same grounds that they moved to dismiss Counterclaim I. The Court, however, held that SGI adequately pleaded Counterclaim I. Likewise, the Court holds that SGI has adequately pleaded Counterclaim III.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs and Counterclaim Defendants Milacron LLC and Cimcool Industrial Products LLC's Motion to Dismiss Defendants' Counterclaims (Doc. 11) hereby is **DENIED**.

**IT IS SO ORDERED.**


    s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court